JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE SWEET, an individual, | CASE NO. CV 08-07570 RGK (RCx) |
| Plaintiff, | |
| vs. | **ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT** |
| DONALD RAY RAVENSCRAFT, an individual; SWIFT TRANSPORTATION, CO., INC., an Arizona corporation, et al. | |
| Defendants. | |

On September 26, 2006, David Sweet ("Plaintiff"), a California resident, was operating his 1993 BMW motorcycle near the intersection of Anaheim Street and Oregon Ave in Long Beach, California when he got into an accident with a 2004 Freightliner. Defendant Swift Transportation, Co., Inc. ("Swift"), an Arizona corporation, is the registered owner of the Freightliner, which Defendant Donald Ray Ravenscraft ("Ravenscraft"), a Texas resident, was operating on the day of the accident.

Plaintiff filed his Complaint against Swift and Ravenscraft on September 23, 2008 asserting one claim for Negligence. Plaintiff seeks damages for his physical injuries, including a crushed foot, which he contends prevents him from engaging in his occupation as a crane operator, as well

as costs, including x-ray, hospital, ambulance and medical services, and damage to his motorcycle.

On November 17, 2008, Defendant Swift removed this action from Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332. On November 20, 2008, the Court issued an Order to Show Cause Re Lack of Jurisdiction ("OSC"), which required Defendant to submit evidence establishing that this Court has subject matter jurisdiction over the matter. Defendant Swift timely responded to the OSC.

For the following reasons, the Court finds that it does not have jurisdiction over this matter.

In order for a federal court to exercise diversity jurisdiction over a civil action, the amount in controversy must exceed $75,000, exclusive of interests and costs.[1] 28 U.S.C. § 1332.

Generally, there is a strong presumption against removal jurisdiction, such that the defendant "has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)). When it is unclear whether the plaintiff seeks damages exceeding the jurisdictional requirement, "the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds [the jurisdictional requirement]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Court finds that Defendant Swift has not met its burden of showing that the amount in controversy exceeds the jurisdictional requirement of $75,000. In its response to the OSC, Swift states that it has not yet conducted discovery and, according to Plaintiff's Complaint, understands that the amount alleged exceeds $75,000, although the amount for damages is not particularly specified. However, Swift cannot merely rest on its "understanding" that the jurisdictional requirement is met. Rather, it must present evidence showing that it is more likely

---

[1] The only substantive issue raised in the Court's OSC was whether Plaintiff's claim satisfies the $75,000 amount in controversy requirement for diversity jurisdiction.

than not that this requirement is met.

Moreover, the parties have now informed the Court, in their Rule 26 Joint Statement, that Plaintiff's damages, to date, are approximately $35,000, plus lost benefits that have yet to be calculated, which is far below the required jurisdictional amount.

Since Defendant Swift has not met its burden of showing that the jurisdictional requirement is met, the Court lacks diversity jurisdiction.

In light of the foregoing, the above-entitled case is ordered **remanded** to Superior Court for all further proceedings for lack of subject matter jurisdiction.

DATED: January 29, 2009

**R. GARY KLAUSNER**
**UNITED STATES DISTRICT JUDGE**